IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| SCOTT L. BEAU and <br> WYNCROFT, LLC <br>     Plaintiffs <br><br> VS. <br><br> ROBERT S. MOORE, JR., in his <br> official capacity as Director of the <br> Arkansas Alcoholic Beverage Control <br> Division, and CARL E. KIRKLAND, in <br> his official capacity as Director of the <br> Arkansas Alcoholic Beverage Control <br> Enforcement Division <br><br>     Defendants | NO: 4:05CV000903  SWW |

## ORDER

Scott Beau, an Arkansas resident, and Wyncroft, LLC, a Michigan winery, bring this lawsuit pursuant to 42 U.S.C. § 1983, challenging the constitutionality of Arkansas statutes that prevent out-of-state wineries from selling and shipping wine directly to Arkansas consumers, while allowing in-state wineries to do so. Before the Court is Defendants' motion to dismiss for failure to name indispensable parties (docket entry #6). Plaintiffs have filed a response (docket entry #12), and Defendants have filed a reply (docket entry #15). After careful consideration, and for the reasons that follow, the motion will be denied.

Plaintiffs challenge the constitutionality of three provisions of the Arkansas Alcoholic Control Act ("AACA"): (1) Arkansas Code § 3-7-106(a)(1), which makes it unlawful for any

person to ship or transport "any spiritous liquors, vinous liquors, wines other than Arkansas wines, or beer or malt beverages from points without the state" without first obtaining permission from the Director of the Alcoholic Beverage Control Division; (2) Arkansas Code § 3-3-205(a), which makes it a misdemeanor to sell intoxicating liquor without a valid license or to obtain intoxicating liquor from an unlicensed source;[1] and (3) Arkansas Code § 3-2-403, which requires manufacturers, importers, and producers of spiritous and vinous beverages to designate a licensed liquor wholesaler in the state to serve as the exclusive distributor of their products sold within the state.

Defendant Moore is the Director of the Arkansas Alcoholic Beverage Control Division, and Defendant Kirkland is the Director of the Arkansas Alcoholic Beverage Control Enforcement Division. Together, they are charged with enforcing the AACA, including the statutes at issue in this case. *See* Ark. Code Ann. § 3-2-209. Plaintiffs allege that pursuant to the challenged statutes, only wineries located within Arkansas are permitted to sell, deliver, or ship wine directly to Arkansas consumers; out-of-state wineries must sell their wine through Arkansas distributors.

By way of relief, Plaintiffs seek a declaratory judgment that the challenged statutory provisions are unconstitutional "to the extent that they prohibit out-of-state wineries from selling and shipping wine directly to consumers and retail wine dealers in the State of Arkansas, as a violation of the Commerce Clause of the United States Constitution." Docket entry #1, at 6.

---

[1] As the Director of the Alcoholic Beverage Control Division, Defendant Moore has the power and duty to issue, refuse, suspend, and revoke licenses to manufacturers, processors, distributors, wholesalers, retailers, and transporters of alcoholic beverages. *See* Ark. Code Ann. § 3-2-205(c)(1).

Additionally, Plaintiffs ask for injunctive relief prohibiting Defendants from enforcing the challenged statutes and requiring them to allow out-of-state wineries to sell and ship wine directly to consumers and retail wine dealers in Arkansas.     *Id*

Federal Rule of Civil Procedure 19(b) gives courts the equitable power to dismiss an action if an "indispensable" party cannot be joined.   Dismissal is appropriate under Rule 19(b) if (1) a nonparty is "necessary"[2], (2) the nonparty cannot be joined, and (3) the action cannot continue in equity and good conscience without the nonparty.  *See U.S. ex rel. Steele v. Turn Key Gaming, Inc.*, 135 F.3d 1249, 1251 (8th Cir. 1998)(citation omitted).

In support of their motion to dismiss for failure to join a party, Defendants assert, "Full and complete relief cannot be granted with only the present defendants[,] and the possibility of conflicting legal obligations cannot be avoided with only the present defendants."  Docket entry #7, at 2.  Defendants do not identify specific nonparties who they believe are necessary to adjudicate Plaintiffs' claims.   Defendants only assert that they have no authority to levy and collect state taxes imposed by the challenged statutes, and they have no authority to enforce criminal laws applicable to the sale of alcoholic beverages.  *See* docket entry #7, at 2.

Plaintiffs point out that, as specifically stated in the complaint, they do not seek to enjoin the State from collecting taxes.  Plaintiffs also note that pursuant to Ark Code Ann. § 3-2-209, Defendants, along with local law enforcement personnel, have the authority to enforce each

---

[2]If a nonparty is not necessary, then the case must go forward.  Under Rule 19(a)(1), a nonparty is necessary if "in the person's absence, complete relief cannot be accorded among those already parties."  Fed. Rule Civ. P. 19(a)(1).  Under Rule 19(a)(2), a person is necessary if he claims an interest relating to the subject of the action and is so situated that disposition in his absence could (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the current parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(2)(i), (ii).

provision of the Arkansas Alcoholic Control Act and any other state law relating to the manufacture, storage, transportation, distribution, sale, and consumption of alcoholic beverages.

Whether a person is an indispensable party is a fact-intensive inquiry that must be made on a case-by-case basis; "a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 88 S. Ct. 733 (1968). As it stands, the limited record in this case is void of evidence that Defendants are incapable of effecting the relief requested. Rule 19(a)(1) requires joinder "only when the absence of the unjoined party prevents complete relief among the current parties . . . the focus is on the relief between the parties and not . . . the speculative possibility of further litigation between a party and an absent person. *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983). Even if Defendants were successful in identifying nonparties who are necessary to the just adjudication of this case, dismissal would be proper only if such persons could not be joined as parties. *See Ranger Transp., Inc. v. Wal-Mart Stores*, 903 F.2d 1185, 1187 (8th Cir. 1990)(stating that the "proper procedure under Rule 19(a) is to give the parties an opportunity to bring in such a party, not to dismiss the action").

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (docket entry #6) is DENIED.

IT IS SO ORDERED THIS 18th DAY OF AUGUST, 2005.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE