## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | |
|---|---|
| SCOTT L. BEAU and | * |
| WYNCROFT, LLC | * |
|               Plaintiffs | * |
| | * |
| VS. | * |
| | * |
| ROBERT S. MOORE, JR., in his | * |
| official capacity as Director of the | *        NO: 4:05CV000903  SWW |
| Arkansas Alcoholic Beverage Control | * |
| Division, and CARL E. KIRKLAND, in | * |
| his official capacity as Director of the | * |
| Arkansas Alcoholic Beverage Control | * |
| Enforcement Division | * |
| | * |
|               Defendants | * |
| | * |
| | * |

## ORDER

Before the Court is a motion to intervene (docket entry #19) by Moon Distributors, Inc.

("Moon"), Glazer's Wholesale Distributors of Arkansas, Inc., ("Glazer's"), Central Distributors,

Inc. ("Central"), and the Arkansas Beverage Retailers Association, Inc. ("ABRA").  Defendants

and Plaintiffs have responded (docket entries #21, #25), and Movants have filed a reply (docket

entry #26).   After careful consideration, and for the reasons that follow, the Court concludes that

Movants lack standing to intervene in this case.

I.

Plaintiffs filed this lawsuit challenging the constitutionality the State's three-tier system

for the distribution of alcoholic beverages set forth in the Arkansas Alcoholic Control Act, as it

applies to out-of-state wineries.[1]  Plaintiff Beau alleges that, Arkansas law permitting, he would purchase wines from out-of-state wineries, such as Plaintiff Wyncroft, LCC, and have his purchases shipped to directly to his residence in Arkansas.  However, Arkansas law prohibits such a transaction.  Under the challenged three-tier system, manufacturers of alcoholic beverages, including out-of-state wineries, may sell and ship their products only to licensed in-state wholesalers.  In-state wineries are exempt from the three-tier system, *see* Ark. Code Ann. §§ 3-1-102, 3-1-103, and have permission, under Arkansas' Native Wine Law, to sell and ship wine directly to consumers and licensed retail wine dealers within the state.   *See* Ark. Code Ann. §§ 3-5-401 through 3-5-413.

Plaintiffs seek a declaratory judgment that the three-tier system is unconstitutional to the extent that it discriminates against interstate commerce, in violation of the Commerce Clause, by prohibiting out-of-state wineries from selling and shipping wine directly to consumers and retail wine dealers  within Arkansas.  Additionally, Plaintiffs ask for injunctive relief that requires Defendants to allow out-of-state wineries to sell and ship wine directly to consumers and retail wine dealers in Arkansas.

## II.

Movants seek to intervene as of right, pursuant to Fed. R. Civ. P. 24(a)(2) or, in the

---

[1]Plaintiffs challenge three specific provisions of the Act:  (1) Arkansas Code § 3-7-106(a)(1), which makes it unlawful for any person to ship or transport "any spiritous liquors, vinous liquors, wines other than Arkansas wines, or beer or malt beverages from points without the state" without first obtaining permission from the Director of the Alcoholic Beverage Control Division; (2) Arkansas Code § 3-3-205(a), which makes it a misdemeanor to sell intoxicating liquor without a valid license or to obtain intoxicating liquor from an unlicensed source; and (3) Arkansas Code § 3-2-403, which requires manufacturers, importers, and producers of spiritous and vinous beverages to designate one licensed liquor wholesaler in the state to serve as the exclusive distributor of their products sold within the state.

2

alternative, by permissive intervention under Fed. R. Civ. P. 24(b)(2).  Movants Moon, Glazer's, and Central are Arkansas liquor wholesalers that distribute alcoholic beverages to Arkansas retailers.  Movant ABRA is an association of retail package store owners and operators who sell alcoholic beverages in Arkansas.  In support of their motion to intervene, Movants  allege that they conduct business pursuant to licenses issued by the Arkansas Alcoholic Beverage Control Division.  They claim to have very significant contractual rights and obligations that are predicated on the laws challenged by Plaintiffs, and they assert that  "there can be little doubt that the disposition of Plaintiffs' claims may impair or impede [their] ability to protect their interests."   Docket entry #20, at 5.

Defendants have no objection to the motion for intervention, concurring that Movants have an important stake in the outcome of this case.   Plaintiffs have no objection to the ABRA intervening, but they assert that Moon, Central, and Glazer's have no interest related to the subject of this lawsuit sufficient to warrant intervention.  They also assert that the wholesaler Movants lack standing necessary to support intervention as of right or permissive intervention.

### III.

The Eighth Circuit has held that Article III standing is a prerequisite for intervention–whether of right or permissive--in a federal lawsuit.  *See Curry v. Regents of University of Minnesota*, 167 F.3d 420, 422 (8th Cir. 1999) (citing *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 570, 573 (8th Cir. 1998)).  The "irreducible constitutional minimum of standing" has three elements: "First, the would-be litigant must have suffered an 'injury in fact'; that is, an 'invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical....'

Second, the would-be litigant must establish a causal connection between the alleged injury and the conduct being challenged.  Third, he must show that the injury is likely to be redressed by a favorable decision."  *Mausolf v. Babbitt,* 85 F.3d 1295, 1301 (8th Cir. 1996)(citing *Lujan v. Defenders of Wildlife,* 112 S. Ct. 2130, 2136-37(1992)).

In addition to standing,  a party seeking intervention of right under Rule 24(a)(2) must establish (1) it has a recognized interest in the subject matter of the litigation, (2) the interest might be impaired by the disposition of the case, and (3) the interest will not be adequately protected by the existing parties.  *See South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).    Under the law of this Circuit, the interest asserted by an applicant for intervention must be "direct, substantial and legally protectable."  *Standard Heating and Air Conditioning Co. v. City of Minneapolis,* 137 F.3d 567,  571 (8th Cir. 1998).

Movants assert that a decision in favor of Plaintiffs would have a immediate adverse impact on their business and property rights, which they claim are predicated on the laws challenged by Plaintiffs.[2]   Moon, Glazer's, and Central claim to have exclusive distributorship rights, contract rights, and business expectancies that are placed "squarely in jeopardy by the Plaintiffs' assault on the three-tier system of regulating the distribution of alcohol in Arkansas." Docket entry #26, at 4.  The wholesaler Movants state that Plaintiffs seek a declaration that

---

[2]Neither the laws under review, nor licences issued pursuant to those laws, vest Movants with protected property rights. *See Cook v. Glazer's Wholesale Drug Co*., 209 Ark. 189 (1945)(holding that a liquor distribution permit confers no property rights or superior equities that a court will enforce); *see also*, *Blum v. Ford*, 194 Ark. 393, 344 (1937)(stating that  a retailer's license to purchase and sell intoxicating liquors is a "mere personal and temporary permit to do what could not be lawfully done without it, and no property in any legal or constitutional sense . . . . ")(citation omitted).

"every out-of-state producer of wine and spiritous liquors may sell and ship direct to any consumer or retailer", which would "nullify the three-tier system . . . and destroy the value of Movants' existing contracts and distributorship rights. *Id*.

Movants allege threatened injury to their property rights based on a misconception of the relief sought in this case. Plaintiffs do not seek to nullify the three-tier system, nor do they seek an injunction that would allow every out-of-state producer of "spiritous liquors" to sell and ship direct to consumers and retailers in Arkansas. Plaintiffs seek a declaration that the three-tier system unconstitutional "to the extent that [it] prohibits out-of-state wineries from selling and shipping wine directly to consumers and retail wine dealers in the State of Arkansas" and an injunction requiring Defendants to "allow out-of-state wineries to sell and ship wine directly to consumers and retail wine dealers in Arkansas." Docket entry #1, at 6. Plaintiffs' claims do not call into question the constitutionality of the three-tier system in its entirety. *See Granholm v. Heald*, 125 S. Ct. 1885, 1905 (2005)("We have previously recognized that the three-tier system itself is 'unquestionably legitimate'. . . . The instant cases, in contrast, involve straightforward attempts to discriminate in favor of local producers.").

Movants provide no specific information regarding their asserted property rights, which they claim would be destroyed if Plaintiffs prevail and out-of-state wine producers are permitted to sell and ship wine to consumers and retailers in Arkansas. Without such information, the Court has no means to evaluate whether the alleged threatened injury to Movants constitutes an injury in fact, sufficient to satisfy standing requirements. *See Johnson v. State of Mo.*, 142 F.3d 1087, 1088-89 (8th Cir. 1998)(noting that, in order to satisfy standing requirements, allegations of possible future injury must be particular and concrete and threatened injury must be "certainly

impending").

For the reasons stated, the Court finds that Movants lack standing to intervene in this case.  Accordingly, the motion to intervene (docket entry #19) is hereby DENIED.

IT IS SO ORDERED THIS 26TH DAY OF OCTOBER, 2005.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE