**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| SCOTT L. BEAU and | * |
| WYNCROFT, LLC | * |
|     Plaintiffs | * |
| | * |
| VS. | * |
| | * |
| ROBERT S. MOORE, JR., in his official | * |
| capacity as Director of the Arkansas | *   NO: 4:05CV000903 SWW |
| Alcoholic Beverage Control Division, | * |
| and CARL E. KIRKLAND, in his | * |
| official capacity as Director of the | * |
| Arkansas Alcoholic Beverage Control | * |
| Enforcement Division | * |
| | * |
|     Defendants | * |
| | * |
| | * |

**ORDER**

Before the Court is Defendants' motion to dismiss (docket entries #66, #67) and Plaintiffs' response in opposition and motion to file an amended complaint (docket entries #69, #70). After careful consideration, and for the reasons that follow, Defendants' motion to dismiss will be granted in part and denied in part, and Plaintiffs' motion to file an amended complaint will be granted.

**I.**

In deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all facts alleged in the complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997). The complaint must

be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996).

The Court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). However, a motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up what is in the complaint. *ACLU Foundation v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. *Id. See also Hickman v. Tosco Corp.*, 840 F.2d 564, 565 (8th Cir. 1988); *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982). Thus, a motion to dismiss should be granted "as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## II.

Originally, Plaintiffs filed this lawsuit challenging the constitutionality the State's three-tier system for the distribution of alcoholic beverages set forth in the Arkansas Alcoholic Control Act, as it applies to out-of-state wineries. Under the three-tier system, manufacturers of alcoholic beverages, including out-of-state wineries, were permitted to sell and ship their products only to licensed in-state wholesalers. However, in-state wineries were exempt from the three-tier system and were permitted, under the Arkansas Native Wine Law, to sell and ship wine

directly to consumers and licensed retail wine dealers within the state.  *See* Ark. Code Ann. §§ 3-5-401 through 3-5-413, *repealed by* Act 668 of 2007, § 3.

With the original complaint, Plaintiffs sought a declaratory judgment that the three-tier system was unconstitutional to the extent that it discriminated against interstate commerce, in violation of the Commerce Clause, by prohibiting out-of-state wineries from selling and shipping wine directly to consumers and retailers within Arkansas.

On March 29, 2007, the 86th Arkansas General Assembly repealed the Arkansas Native Wine Law and passed new law that permits in-state and out-of-state small-farm wineries, defined as wineries that sell fewer than 250,000 gallons of wine per year, to sell and transport small-farm wine directly to retailers.  *See* Ark. Code Ann. §§ 3-5-1601-1602.  The new law also allows small-farm wine to be sold directly to consumers at any winery located in Arkansas for on or off-premises consumption, any day of the week.  *See* Ark. Code Ann. § 3-5-1607.

Defendants move to dismiss Plaintiffs' complaint on grounds that "the constitutional infirmity Plaintiffs originally complained of . . . no longer exists."  Docket entry #67, at 3. Plaintiffs agree that the portion of their claim regarding direct sales to retailers is moot. However, Plaintiffs assert that the new law discriminates against out-of-state wineries in the area of direct sales to consumers.  Plaintiffs contend that the provision allowing consumer sales at Arkansas wineries "clearly gives the privilege to sell wine directly to the public for off-premises consumption only to in-state wineries, no matter what the Small Farm Winery statute may say." Docket entry #70, at 3.  Plaintiffs argue that under the new law, out-of-state small-farm wineries are effectively restricted to selling through retailers that may decline to sell their products or raise the price to cover overhead expenses.

The Court finds that Plaintiffs' claim regarding direct sales to retailers is moot and must be dismissed and that Plaintiffs are entitled to proceed with their claim that Arkansas law discriminates against out-of-state small-farm wineries with respect to direct sales to consumers.

### III.

Plaintiffs request leave to file an amended complaint that would take account of the new law governing small-farm wineries and re-state Plaintiff's allegation of discriminatory treatment in the area of direct sales to consumers. Defendants have informed the Court that they have no objection to Plaintiffs' motion to amend.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (docket entry #66) is GRANTED IN PART. Plaintiffs' claim that the Arkansas Alcoholic Control Act gives in-state wineries an unconstitutional preference with respect to direct sales retailers is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that Plaintiffs' motion to file an amended complaint (docket entry #69) is GRANTED. Plaintiffs are directed to file the amended complaint within 10 days from the entry date of this order.

IT IS SO ORDERED THIS 17TH DAY OF JULY, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE