THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SCOTT L. BEAU and
WYNCROFT, LLC
      Plaintiffs

VS.

ROBERT S. MOORE, JR., in his official capacity as Director of the Arkansas Alcoholic Beverage Control Division, and CARL E. KIRKLAND, in his official capacity as Director of the Arkansas Alcoholic Beverage Control Enforcement Division
      Defendants

NO: 4:05CV000903 SWW

**ORDER**

Plaintiffs bring this action under 42 U.S.C. § 1983, challenging the constitutionality of laws included in the Arkansas Alcoholic Control Act. The parties have filed cross motions for judgment on the pleadings (docket entries #74, #78) and related responses and replies (docket entries #78, #79, #80, #81). After careful consideration, and for the reasons that follow, Plaintiffs' motion will be denied, Defendants' motion will be granted, and this action will be dismissed with prejudice.

**I.**

Plaintiff Scott L. Beau ("Beau") is an Arkansas resident, and Plaintiff Wyncroft, LLC ("Wyncroft") is a Michigan winery. Beau wants to purchase wine directly from Wyncroft and

other out-of-state wineries and have his purchases delivered to his residence, and Wyncroft would sell and deliver its wine directly to Beau and other consumers in Arkansas, state law permitting. However, Arkansas's three-tier system for the distribution of controlled beverages prevents the proposed transaction. Under the three-tier system, manufacturers (tier one) may sell and ship controlled beverages only to licensed in-state wholesalers (tier two), and wholesalers may sell only to in-state retailers (tier three). *See* Ark. Code Ann. § 3-2-403. The transaction contemplated by Plaintiffs, direct-shipment sales to consumers, bypasses the wholesaler and retailer in violation of § 3-2-403.

When Plaintiffs filed suit, Arkansas law exempted in-state wineries from the three-tier distribution system. Under the Arkansas Native Wine Law in operation when this litigation began, in-state wineries were permitted to sell and ship wine directly to consumers and licensed retail wine dealers within the state. *See* Ark. Code Ann. §§ 3-5-401 through 3-5-607, *repealed by* Act 668 of 2007, § 3, Ark. Acts 668. In their original complaint, Plaintiffs charged that Arkansas law discriminated against out-of-state wineries with respect to direct sales and shipments to Arkansas consumers and retailers in violation of the Commerce Clause.

The Court stayed this case from July 11, 2006 through July 5, 2007.[1] During that time,

---

[1] On January 12, 2006, Arkansas liquor wholesalers and the Arkansas Beverage Retailers Association filed suit against Defendants in state court, seeking an injunction that would stop the State from enforcing the provisions of the Arkansas Native Wine Law that granted Arkansas wineries the right to sell wine directly to consumers and retailers. On Defendants' motion, this Court determined that it should stay this case during pendency of the state-court action, pursuant to the doctrine set forth in *Younger v. Harris*, 91 S. Ct. 746 (1971). On August 18, 2006, Pulaski County Circuit Judge Jay Moody dismissed the state case, and the state court plaintiffs appealed the dismissal. The Arkansas Court of Appeals vacated the trial court's order of dismissal, and the case was reinstated. Subsequently, the state-court plaintiffs filed a motion to dismiss, which the trial court granted on June 21, 2007. On July 3, 2007, Defendants filed a motion to lift the stay in this case, which the Court granted.

the 86th Arkansas General Assembly passed Act 668 of 2007, which repealed the Arkansas Native Wine Law and struck the statutory provision that excluded Arkansas wine manufacturers from the State's three-tier distribution system.  *See* Act of March 9, 2007, No. 668, 2007 Ark. Acts 668 (codified at Ark. Code Ann. §§ 3-5-1601 to -1609, 3-2-411).   Additionally, Act 668 added a new sub-chapter to the Arkansas Alcoholic Control Act entitled "Small Farm Wineries."  *See* Ark Code Ann. §§ 3-5-1601 through 3-5-1609.

     The small farm winery law permits in-state and out-of-state small-farm wineries, defined as wineries that sell fewer than 250,000 gallons of wine per year, to apply to the Arkansas Alcoholic Beverage Control Board for a small farm winery license.  *See* Ark. Code Ann. § 3-5-1602.   The law provides that small farm winery licensees may sell, at retail, wine produced on the premises of a small farm winery if all sales occur in a wet territory and at "small farm winery off-premises retail sites" or at fairs and food and wine festivals.  *See* Ark. Code Ann. § 3-5-1602(c)(1)(D).   The small farm winery law also permits license holders to sell and transport wine produced on the premises of a small farm winery to wholesale and retail license holders and small farm winery holders, provided that the small farm winery obtains a wine wholesale permit.  *See* Ark. Code Ann. § 3-5-1602(c)(1)(E).

     Finally, the small farm winery law contains an on-premises, direct sales provision that reads as follows:

> Notwithstanding any law to the contrary, small farm winery wine may be sold at any winery located in this state for on-premises or off-premises consumption on any day of the week.

Ark. Code Ann. § 3-5-1607.

Section 4 of Act 668 provides that in the event that a court determines that any part of that Act is unconstitutional, the Act "shall become void and all wines, including native wines, distributed for sale in Arkansas shall be distributed under § 3-4-401 *et seq.* and sold by licensed retailers under § 3-4-201 *et seq.*" *See* Act of March 9, 2007, No. 668, § 4, 2007 Ark. Acts 668.

In light of Act 668, Plaintiffs sought and were granted permission to file an amended complaint. Plaintiffs believe that Act 668 eliminates any preferential treatment afforded to Arkansas wineries with respect to direct sales to retailers,[2] but they claim that Arkansas law continues to discriminate against interstate commerce by prohibiting out-of-state wineries from shipping wine directly to Arkansas consumers. According to Plaintiffs, the only way that an out-of-state winery can sell wine in Arkansas is to use a wholesaler or a retailer, but in-state wineries may sell directly to consumers on the premises of an Arkansas winery without paying for a separate distributor. *See* docket entry #74, at 1.

Plaintiffs assert that four Arkansas statutes have the combined effect of discriminating against interstate commerce by prohibiting out-of-state wineries from making direct-shipment sales to Arkansas consumers: (1) Arkansas Code § 3-2-403, which codifies the State's three tier distribution system; (2) Arkansas Code § 3-5-1602, which provides for the licensing of in-state and out-of-state small farm wineries and grants certain privileges to small farm winery licensees; (3) Arkansas Code § 3-5-1607, which provides that small farm winery wine may be sold at any winery located in Arkansas for on or off-premises consumption any day of the week; and (4)

---

[2]See docket entry #72, at 2 ("Because the new all allows all Small Farm Winery permit holders to also obtain additional wholesaler permits and sell their wine directly to retailers and restaurants [Plaintiffs' claim that Arkansas wineries are given preferential treatment with respect to direct sales to retailers] has indeed become moot.").

Arkansas Code § 3-7-106, which prohibits any person to ship or transport intoxicating liquor and wines, other than Arkansas wines, from outside the state without first obtaining a permit.

Plaintiffs seek a declaratory judgment that the foregoing statutes, in combination, violate the dormant Commerce Clause to the extent that they prohibit out-of-state wineries from selling and delivering wine directly to Arkansas consumers. They also seek an injunction that would require Defendants to allow out-of-state wineries to sell and deliver wine directly to consumers in Arkansas.

## II.

In deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. *United States v. Any and all Radio Station Transmission Equip.,* 207 F.3d 458, 462 (8th Cir.2000). Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Id.*

## III.

The Commerce Clause of the United States Constitution "not only grants Congress the authority to regulate commerce among the States, but also directly limits the power of the States to discriminate against interstate commerce." *New Energy Co. of Indiana v. Limbach,* 486 U.S. 269, 273, 108 S. Ct. 1803, 1807 (1988). This "negative" aspect of the Commerce Clause is commonly referred to as the "dormant Commerce Clause."

Dormant Commerce Clause analysis is two-tiered. First, if a state law discriminates

against interstate commerce, in purpose or effect, it is invalid unless the state can show, "under rigorous scrutiny, that it has no other means to advance a legitimate local interest." *U & I Sanitation v. City of Columbus,* 205 F.3d 1063, 1067 (8th Cir.2000)(quoting *C & A Carbone, Inc. v. Clarkstown,* 511 U.S. 383, 392, 114 S.Ct. 1677 (1994)).   Second, a state law that does not overtly discriminate against interstate commerce will still be invalid if  "the burden it imposes upon interstate commerce is 'clearly excessive in relation to the putative local benefits.'" *Id.* (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S. Ct. 844 (1970)).

Three-Tier Distribution System and Small Farm Winery Law

As a threshold matter, the Court finds that Arkansas's three-tier distribution system, considered alone, passes scrutiny under the dormant Commerce Clause.  In *Granholm v. Heald,* 544 U.S. 460, 125 S. Ct. 1885 (2005), the Supreme Court observed that under the Twenty-first Amendment, three-tier systems for the distribution of alcoholic beverages are "'unquestionably legitimate.'" *Granholm,* 544 U.S. at 489, 125 S. Ct. at 1905 (quoting *North Dakota v. United States*, 495 U.S. 423, 432, 110 S. Ct. 1986, 1993 (1990)).  The Court cautioned, however, that "[s]tate polices are protected under the Twenty-first Amendment [only] when they treat liquor produced out of state the same as its domestic equivalent." *Id.*

In *Granholm,* the Court invalidated Michigan and New York laws regulating the direct-shipment of wine to consumers.  The Michigan laws required out-of-state wineries to distribute wine through wholesalers via a three-tier distribution system, but in-state wineries were permitted to ship wine directly to consumers.  The New York laws also included a three-tier system and a direct-shipment exception for in-state wineries, but New York extended the exception to out-of-state wineries on the condition that they established a branch office within

the state. *See Granholm,* 544 U.S. at 473-74, 125 S. Ct. at 1896.

The Supreme Court held that Michigan and New York discriminated against interstate commerce through their respective direct-shipping laws. *See Granholm,* 544 U.S. at 476, 125 S. Ct. at 1897. Additionally, the Court held that the discriminatory laws were not saved by the Twenty-first Amendment, *see Granholm,* 544 U.S. at 489, 125 S. Ct. at 1905, and were not justified by a legitimate local purpose.[3] *See Granholm,* 544 U.S. at 492-93, 125 S. Ct. at 1906.

Plaintiffs acknowledge that Arkansas's three-tier distribution system and small farm winery law, if viewed in isolation, appear to treat all wineries alike, but they claim that Arkansas Code § 3-5-1607, which allows the sale of small farm winery wine on the premises of wineries located in Arkansas, creates an impermissible exception to the three-tier system that favors in-state wineries.[4] According to Plaintiffs, § 3-5-1607 "violates the plain language" of *Granholm.* The Court disagrees.

Unlike the laws at issue in *Granholm*, Arkansas law prohibits the direct shipment of wine to consumers, with no exceptions. Additionally, the *Granholm* Court viewed New York's physical presence requirement with particular suspicion because direct-shipping operations could be performed efficiently from locations outside the state. But physical presence is an unavoidable requisite for carrying out on-premises sales transactions permitted under § 3-5-

---

[3] Because the Court found the statutes invalid under first-tier scrutiny, it did not consider whether the burden imposed on interstate commerce was clearly excessive in relation to the putative local benefits.

[4] Plaintiffs state: "No one disputes that if [§§ 3-2-403 and 3-5-1602] stood alone, they would be valid nondiscriminatory laws. But they do <u>not</u> stand alone–they stand side-by-side with § 3-5-1607 which allows in-state wineries to sell directly to consumers "<u>notwithstanding any other law to the contrary</u>." Docket entry #80, at 3.

1607.

The Court finds that § 3-5-1607 neither discriminates against nor unduly burdens interstate commerce. Any notion of discrimination under the dormant Commerce Clause assumes a comparison of substantially similar entities competing in the same market. *See General Motors Corp. v. Tracy,* 519 U.S. 278, 298-299, 117 S. Ct. 811, 824 (1997). Here, however, Plaintiffs attempt to equate two distinct commercial activities: selling small farm winery wine in over-the-counter transactions on the premises of any winery located in Arkansas and selling any wine, from any place, for direct-shipment delivery. A market in which consumers must travel to a winery to purchase wine is distinct from a market in which a consumer may order wine on the Internet for home delivery. *See Jelovsek v. Bresden,* 482 F. Supp. 2d 1013, 1021 (E.D. Tenn. 2007)("The only time at which an in-state winery is arguably advantaged is if a consumer, of any state, travels to the winery and purchases wine there. But it seems the market for on-site wine purchases, requiring the effort (or pleasure) of a trip to the winery, is different in kind and reach from the convenience-oriented market that would be created and facilitated by a law allowing direct-shipping.").

When allegedly competing entities serve different markets, eliminating . . . a regulatory differential would not serve the dormant Commerce Clause's fundamental objective of preserving a national market for competition undisturbed by preferential advantages conferred by a State upon its residents . . . ." *General Motors Corp.*, 519 U.S. at 299, 117 S. Ct. at 824. Such is the case here.[5] Even if § 3-5-1607 were eliminated, Arkansas would continue to

---

[5]Other Courts considering dormant Commerce Clause challenges to similar state laws have determined that on-premises and direct-shipment wine sales should be treated separately for purposes of dormant Commerce Clause analysis. *See Cherry Hill Vineyard, LLC v. Baldacci, —*

prohibit what Plaintiffs seek to gain in this lawsuit–a market for direct-shipment sales to Arkansas consumers. Arkansas law contains no provision allowing in-state or out-of-state wineries, large or small, to ship wine to the doorsteps of Arkansas consumers, and this Court has no authority to write such a provision into state law.

In sum, because there is no actual or prospective competition between in-state and out-of-state wineries in the area of direct-shipment sales to Arkansas consumers, "there can be no local preference, whether by express discrimination against interstate commerce *or* undue burden upon it, to which the dormant Commerce Clause may apply." *General Motors Corp.,* 519 U.S. at 300, 117 S. Ct. at 825 (emphasis added).

Shipping Permits

Arkansas Code § 3-7-106(a) provides as follows:

It shall be unlawful for any person to ship or transport or cause to be shipped or transported into the State of Arkansas any spirituous liquors, vinous liquors, wines other than Arkansas wines, or beer or malt beverages from points without the state without first having obtained a permit from the Director of the Alcoholic Beverage Control Division.

Plaintiffs state that under § 3-5-1607, a consumer may buy small farm wine at an Arkansas winery and take it home for "off-premises" consumption, but § 3-7-106(a) prevents an Arkansas consumer from traveling to an out-of-state winery, purchasing wine, and taking it home to Arkansas.[6] The result, according to Plaintiffs, is that in-state wineries may sell directly

---

F.3d —, 2007 WL 2949312, at *7 (1st Cir. Oct. 11, 2007); *Baude v. Heath*, Civ. No. 05-0735, 2007 WL 2479587, at *15 (S.D. Ind. Aug. 29, 2007); *Jelovsek v. Bresden*, 482 F. Supp. 2d 1013, 1020-21 (E.D. Tenn. 2007); *Hurley v. Minner*, Civ. No. 05-826, 2006 WL 2789164, at *6 (D. Del. Sept. 26, 2006).

[6]Defendants state that § 3-7-106 is an antiquated statute that has no practical effect under law because under Arkansas Alcoholic Beverage Control regulations, common carriers are not

to consumers, but out-of-state wineries must use a wholesaler or retailer.  *See* docket entry #75, at 6.

Plaintiffs do not allege that Beau wishes to purchase wine on the premises of an out-of-state winery and personally transport his purchase back to Arkansas. Instead they allege that Beau "would purchase bottled wine from out-of-state wineries and have those wines delivered to his residence if Arkansas law permitted him to do so."  Docket entry #69, ¶ 6.  Plaintiffs seek a declaration that § 3-7-106, along with the three-tier distribution system and small farm winery law, is "unconstitutional, to the extent that [it] prohibit[s] out-of-state wineries from selling and delivering wine directly to consumers in the state of Arkansas."  Docket entry #72, at 4. Although § 3-7-106(a) may be vulnerable to a claim that it treats in-state and out-of-state wineries differently with respect to shipping permits, the statute does not prohibit the direct shipment of wine to consumers.  Arkansas's direct-shipping prohibition would exist with or without § 3-7-106.  Even accepting Plaintiffs' allegations regarding § 3-7-106 as true, the Court finds that Plaintiffs are unable to establish that the statute discriminates against interstate commerce by prohibiting out-of-state wineries from selling and delivering wine to Arkansas consumers.

## IV.

For the reasons stated, the Court finds that Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief.  Accordingly, Defendants' motion for

---

required to have a permit to ship controlled beverages.  But Plaintiffs appear to argue that the statute precludes Arkansas residents from personally transporting purchases from out-of-state wineries into Arkansas.  *See* docket entry #75, at 5-6("Nor can an Arkansas consumer travel to an out-of-state winery, purchase wine, and transport it back home because Arkansas prohibits anyone from . . . transporting wine without a license.).

judgment on the pleadings (docket entry #78) is GRANTED, and Plaintiffs' motion for judgment on the pleadings (docket entry #74) is DENIED. Pursuant to the judgment entered together with this order, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 1ST DAY OF NOVEMBER,  2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE